# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOMAS TOBON-HERNANDEZ,<br><br>Defendant. | No. 17-CR-1024-LRR<br><br>**REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

_____

On August 17, 2017, the above-named defendant, Tomas Tobon-Hernandez, by consent (Doc. 13), appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, waived indictment, and entered a plea of guilty to Count One of the Indictment (Doc. 2). After cautioning and examining defendant under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty plea was knowing and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. The court therefore **RECOMMENDS** that the plea of guilty be accepted and defendant be adjudged guilty.

At the commencement of the Rule 11 proceeding, the Court placed defendant under oath and advised defendant that if defendant answered any questions falsely, defendant could be prosecuted for perjury or for making a false statement. The Court

also advised defendant that in any such prosecution, the government could use against defendant any statements defendant made under oath.

The Court asked a number of questions to ensure defendant's mental capacity to enter a plea. Defendant stated defendant's full name, age, and extent of schooling. The Court inquired into defendant's history of mental illness and addiction to narcotic drugs. The Court further inquired into whether defendant was under the influence of any drug, medication, or alcoholic beverage at the time of the plea hearing. From this inquiry, the Court determined that defendant was not suffering from any mental disability that would impair defendant's ability to make a knowing, intelligent, and voluntary plea of guilty to the charge.

Defendant acknowledged having received a copy of the Indictment, and having fully discussed the charge with defendant's attorney.

The Court determined that there was no plea agreement.

Defendant was advised also that after defendant's plea was accepted, defendant would have no right to withdraw the plea at a later date, even if the sentence imposed was different from what defendant anticipated.

The Court summarized the charge against defendant, and listed the elements of the crime. The Court determined that defendant understood each and every element of the crime, and defendant's counsel confirmed that defendant understood each and every element of the crime charged.

The Court elicited a full and complete factual basis for all elements of the crime charged in Count One of the Indictment to which defendant was pleading guilty.

The Court advised defendant of the consequences of a guilty plea, including the maximum fine, the maximum term of imprisonment, the mandatory minimum term of imprisonment, and term of supervised release.

With respect to Count **One**, the Court advised defendant that the maximum fine is **$250,000**; the maximum term of imprisonment is **10** years; and the maximum period of supervised release is **3 years**.

The Court also advised defendant that the Court would impose a special assessment of **$100.00**. The Court also advised defendant of the collateral consequences of a plea of guilty associated with a felony offense. Defendant acknowledged understanding all of the above consequences.

The Court explained supervised release to defendant, and advised defendant that a term of supervised release would be imposed in addition to the sentence of imprisonment. The Court advised defendant that there are conditions of supervised release, and that if defendant were found to have violated a condition of supervised release, then defendant's term of supervised release could be revoked and defendant could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release.

The Court also explained to defendant that the district judge would determine the appropriate sentence for defendant at a sentencing hearing. Defendant confirmed understanding that the court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. Defendant acknowledged understanding that the sentence imposed might be different from what the guidelines suggested it should be and what defendant's attorney may have estimated. The Court also advised defendant that both she and the government would have the right to appeal the sentence. The Court advised defendant that there is no parole in the federal system.

Defendant acknowledge fully conferring with defendant's attorney and being satisfied with her attorney. Defendant's attorney indicated that there is a factual basis for the guilty plea.

The Court advised defendant of the right to plead not guilty and of the right to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have the case tried by a jury selected from a cross-section of the community;

4. That defendant would be presumed innocent, and would be found not guilty unless the government could prove each element of the offense beyond a reasonable doubt;

5. That the government could call witnesses in open court, and that defendant's attorney would have the right to confront and cross-examine these witnesses;

6. That defendant would have the right to see and hear all witnesses presented at trial;

7. That defendant would have the right to subpoena witnesses to testify at the trial, and if defendant could not afford to pay the fees and costs of bringing these witnesses to court, then the government would be required to pay those fees and costs;

8. That defendant would have the privilege against self-incrimination; *i.e.*, defendant could choose to testify at trial, but need not do so, and if defendant chose not to testify, then the court would instruct the jury that defendant had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That defendant would have the right to appeal, and if defendant could not afford an attorney for the appeal, then the government would pay the costs of an attorney to prepare the appeal.

The Court also advised defendant that by pleading guilty, there would be no trial, defendant would be waving these rights, and defendant would be adjudged guilty without any further proceedings except for sentencing.

Defendant confirmed that defendant's decision to plead guilty was voluntary and was not the result of any promises; and defendant's decision to plead guilty was not the result of any threats, force, or anyone pressuring defendant to plead guilty.

Defendant confirmed that defendant still wished to plead guilty, and pleaded guilty to Count One of the Indictment.

The Court finds the following with respect to defendant's guilty plea:

1. The guilty plea is voluntary, knowing, not the result of force, threats or promises, and defendant is fully competent.
2. Defendant is aware of the maximum punishment.
3. Defendant knows and voluntarily waived defendant's right to a jury trial.
5. There is a factual basis for the plea.
6. Defendant is, in fact, guilty of the crime to which defendant is pleading guilty.

The Court also advised defendant that a written presentence investigation report would be prepared to assist the court in sentencing. The Court told defendant that defendant would have an opportunity to read the presentence report before the sentencing hearing and to object to the contents of the report, and that defendant would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

The Courts advised defendant that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar defendant from challenging this court's Report and Recommendation, which recommends that the assigned United States District Judge accept defendant's plea of guilty.

*United States v. Cortez-Hernandez*, 2016 WL 7174114 (8th Cir. 2016) (per curiam), suggests that a defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). The district court judge will undertake

a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this order is filed.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 18th day of August, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa